In the Matter of the GUARDIANSHIP
OF A.R.S. and T.M.D., Minors.

Charlotte Hensell, Appellant–
Respondent,

v.

William Stafford and Barbara Stafford,
Appellees–Petitioners.

No. 71A03–0402–CV–100.

Court of Appeals of Indiana.

Oct. 20, 2004.

Stephen G. Drendall, South Bend, IN, for Appellant.

Patrick J. O'Connell, Mishawaka, IN, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Charlotte Hensell appeals the trial court's denial of her petition to terminate William and Barbara Stafford's guardianship of her two children, A.R.S. and T.M.D. (collectively, "the children"). We find that the trial court erred by failing to issue detailed and specific findings in this case, which resulted in the children continuing their placement in the care and custody of someone other than their natural parent. Additionally, because we are unable to determine whether the trial court employed the proper standard of review absent such findings, we must reverse the trial court's denial of the petition to terminate guardianship. We therefore remand for detailed and specific findings using the clear and convincing evidence standard of review.

### Facts and Procedural History

This case involves the guardianship of Hensell's two minor children: A.R.S, born March 15, 1991, and T.M.D., born June 11, 1995. In March 1996, William and Barbara Stafford—the children's maternal grandfather and step-grandmother—petitioned for guardianship of the children due to some poor lifestyle choices being made by Hensell. Hensell acquiesced in the guardianship. By Order dated May 8, 1996, the trial court granted the Staffords' petition for guardianship; the trial court additionally ordered Hensell to resume counseling, therapy, and recommended medication and to participate in parenting classes. After a breakdown in the relationship between Hensell and the Staffords in November 1996, Hensell petitioned the trial court to terminate the guardianship. Hensell abandoned this effort after establishing a fixed visitation schedule. Three years later, in November 1999, Hensell again petitioned the court to terminate the guardianship. Hensell again abandoned her effort to have the guardianship terminated, only this time it was due to an unfavorable recommendation from the Domestic Relations Counseling Bureau.

Then, in April 2003, Hensell filed yet another petition to terminate the Staffords' guardianship of the children, which alleged that "[t]he guardianship is no longer necessary because the children's mother is able to provide them suitable care and custody." Appellant's App. p. 22. In addition to several witnesses who testified at the hearing, the judge conducted an *in camera* interview with the children, who both expressed a desire to remain in the care and custody of the Staffords. Following the hearing on the April 2003 Petition to Terminate Guardianship—at which the

parties did not request findings—the trial court issued the following Order:

It is ORDERED by the Court that the Petition To Terminate Guardianship filed herein is denied.

Appellant's App. p. 4. In the bottom left hand corner of the Order was a citation to Indiana Code § 29–3–12–1.[1] Hensell filed a motion to correct errors, which alleged that the trial court applied an incorrect burden of proof and failed to make specific findings of fact in support of its decision and that the trial court's Order was not supported by the evidence. The trial court denied the motion to correct errors. Hensell now appeals.

### Discussion and Decision

 This case arises out of a denial of a natural parent's petition to terminate the guardianship of her children by their grandparents. In a proceeding to determine whether to place a child with a person other than the natural parent, evidence establishing the natural parent's unfitness or acquiescence or demonstrating that a strong emotional bond has formed between the child and the third person is important, but the trial court is not limited to these criteria. *In re the Guardianship of B.H.*, 770 N.E.2d 283, 287 (Ind.2002). Our supreme court explained:

The issue is not merely the "fault" of the natural parent. Rather, it is whether the important and strong presumption that a child's interests are best served by placement with the natural parent is clearly and convincingly overcome by evidence proving that the child's best interests are substantially and significantly served by placement with another person.

*Id.* This determination falls within the sound discretion of our trial courts, and their judgments must be afforded deferential review. *Id.* A generalized finding that a placement other than with the natural parent is in a child's best interests; however, will not be adequate to support such determination, and detailed and specific findings are required. *Id.*

 At the outset, we note that the purpose of special findings of fact is to provide the parties and the reviewing court with the theory upon which the case was decided. *Carnahan v. Moriah Prop. Owners Ass'n, Inc.*, 716 N.E.2d 437, 443 (Ind.1999). Special findings are especially important in this context as a means of alerting parents of the reasons why their children are not being returned to their custody, thereby effectively putting the parents on notice as to what steps they must take before their children will be returned to them.

 Here, the trial court did not issue any findings—generalized or otherwise. While the Staffords correctly indicate that neither party requested findings and that the statute governing the termination of guardianships does not require specific factual findings, our supreme court has explicitly mandated trial courts to issue detailed and specific findings when a child is placed in the care and custody of a person other than a natural parent. We see no reason not to extend this requirement of detailed findings to petitions to terminate guardianship. We do so for two reasons. First, the issues are the same regardless of whether the placement is the initial placement or a question of whether the placement should be continued. Second, the reason behind requiring detailed and specific findings applies in equal force to termination of guardianship petitions,

---

1. Indiana Code § 29–3–12–1 in pertinent part provides, "The court may terminate any guardianship if: ... (4) the guardianship is no longer necessary for any other reason."

i.e. notifying the parties and the reviewing court of the facts and theory upon which the decision is based.

Furthermore, the absence of findings hampered our review of this case. During the hearing below, there was confusion as to what standard of review to apply to the action. Specifically, the parties debated about whether the proper standard of review was "preponderance of the evidence" or "clear and convincing evidence." Because there are no findings, it is unclear which standard of review the trial court employed in deciding that the children should remain in the care and custody of the Staffords.

Because the trial court did not issue detailed and specific findings in this case, we must remand. We must also reverse, however, because absent any findings and in light of the confusion below regarding what standard of review to apply to the action, we cannot be certain that the proper standard of review was employed. Consequently, we reverse and remand this cause to the trial court to issue detailed and specific findings using the clear and convincing evidence standard in arriving at its decision.

Reversed and remanded.

RILEY, J., concurs.

CRONE, J., dissents with separate opinion.

CRONE, Judge, dissenting.

I respectfully dissent. I agree with the majority that *Guardianship of B.H.* requires the presentation of clear and convincing evidence that a child's interests are best served by placement with a person other than the natural parent and the entry of detailed and specific findings to support the initial removal of the child from the natural parent. Given the strong presumption that a child's interests are best served by placement with his or her natural parent, the additional burden of entering detailed and specific findings is warranted to ensure an intelligent review of such an extraordinary remedy.

I do not agree, however, that we should expand the special findings requirement to subsequent guardianship proceedings. Once the threshold for establishing a guardianship has been met, I believe that it is overly burdensome to require special findings upon the denial of every petition for modification or termination. Guardianships often spawn many relatively meritless petitions, which I believe should be dealt with as efficiently and expeditiously as possible. Granted, the issues raised in these petitions are the same as those raised in the original proceeding, but because the substantial evidentiary hurdle for removal has already been overcome, I believe that such petitions should be treated the same as other petitions to modify custody. If a parent wants the trial court to make special findings, he or she may request them in writing pursuant to Trial Rule 52(A). Because I do not believe that it is necessary to expand our supreme court's holding in *Guardianship of B.H.* to subsequent guardianship proceedings, and because I believe that the record supports the trial court's ultimate determination, I would affirm the trial court's order.